COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker and Willis
Argued at Norfolk, Virginia

KENYATTA FERREL CHRISTIAN

v.          Record No. 0707-94-1          MEMORANDUM OPINION*
                                      BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    JUNE 6, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      John C. Morrison, Jr., Judge

              John R. Doyle, III, for appellant.

              Donald R. Curry, Senior Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on brief),
              for appellee.


     Kenyatta Ferrel Christian (appellant) appeals from his bench

trial conviction by the Circuit Court of the City of Norfolk for

robbery and use of a firearm in the commission of that felony.

At trial and in his brief before this Court, appellant contended

that the trial court, in violation of the Fifth and Fourteenth

Amendments to the Constitution of the United States, erroneously

permitted the prosecutor to cross-examine appellant concerning

his failure to inform the police of his alibi following his

arrest.

     In support of his conviction, the Commonwealth presented the

following evidence:  At approximately 6:50 a.m. on July 12, 1993,

the victim was stopped in his car in the drive-in lane of a

Burger King restaurant when appellant approached him exhibiting a

_____

        *Pursuant to Code § 17-116.010, this opinion is not

designated for publication.

gun.   When appellant demanded entry to the car, the victim got out.   Appellant then entered the car and drove it away.   Later that same day, an employee of the victim observed appellant in possession of the victim's car and reported the sighting to the police.   Shortly thereafter, a policeman saw appellant driving the car and gave chase.   The chase ended when appellant abandoned the car and entered a nearby garage.   The policeman followed appellant, caught up with and arrested him.

The record is silent as to whether appellant was advised of his Miranda rights.   There was no evidence that appellant said anything to the police except that he later conversed with one of the detectives to some extent.

At trial, appellant testified on his own behalf.   He stated that on the morning of the robbery he had not been at the Burger King, that he had slept-in until 9:00 a.m., and then had gone to look for work in the area where he was subsequently arrested. When the prosecutor, on cross-examination, asked appellant why did he not inform the police of his alibis when he was arrested, appellant's objections were sustained.   However, over appellant's objection, the trial court permitted the prosecutor to ask the following questions:

Did you ever mention to the police anything
about the Omni?

Did you ever mention to them being at
Waterside?

About the fudgery?

- 2 -

About any of the other people you talked to?

Did you ever mention to the police that you were at your mother's house until 9:00 that morning, asleep?

Appellant concedes that we must presume that no <u>Miranda</u>[1] warnings were given. Thus, appellant's election to not give the police information concerning his alibis was made on his own, without the assurance of <u>Miranda</u>.

In <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976), the Supreme Court held that when the accused remained silent after having been warned of his <u>Miranda</u> rights, thereafter, if the accused elects to testify on his behalf, the prosecutor may not inquire why at the time of his arrest he did not give the police the information he revealed in his defense at trial. However, in a line of subsequent United States Supreme Court cases, the <u>Doyle</u> decision was limited to cases in which the accused was informed of his right to remain silent. <u>See Brecht v. Abrahamson</u>, 113 S. Ct. 1710 (1993); <u>Fletcher v. Weir</u>, 455 U.S. 603 (1982); <u>Jenkins v. Anderson</u>, 447 U.S. 231 (1980)[2]; In <u>Abrahamson</u>, the Court said:

> The "implicit assurance" upon which we have relied in our <u>Doyle</u> line of cases is the right-to-remain-silent component of <u>Miranda</u>. Thus, the Constitution does not prohibit the use for impeachment purposes of a defendant's silence <u>prior</u> to arrest, or <u>after</u> arrest <u>if no Miranda warnings are given</u>. Such silence

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[2] In <u>Jenkins</u>, the Supreme Court held that when an accused elects to testify after remaining silent at the time of his arrest, he waives his Fifth Amendment privileges.

> is probative and does not rest on any implied
>
> assurance by law enforcement authorities that
> it will carry no penalty.

Abrahamson, at 1716.

In accord with Weir and Abrahamson, because the record does not show that appellant remained silent at the time of this arrest after being warned of his rights, we hold that the trial court did not err in permitting the objected to questions.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.